### INJURY OF EMPLOYEE IN DEFECTIVE MACHINERY.

Circuit Court of Cuyahoga County.

JAMES F. GOGGIN, AN INFANT, BY HIS NEXT FRIEND, JOHN GOGGIN, v. THE ELECTRIC CONTROLLER & SUPPLY COMPANY.

Decided, February 3, 1908.

*Master and Servant—Negligence—Contributory Negligence a Question for Jury, When—Servant May Rely on Assurance Defective Machinery Has Been Repaired.*

1. When a workman on a drill press notifies his employer of a defect in the machinery which allows the drill press to fall when not in use, and quits work until assured by the foreman that the defect has been removed, and after returning to work is injured by the some defect; *Held*, That, in the absence of contributory negligence, the master is liable.

2. The question as to whether the employee was guilty of contributory negligence in not observing that the defect still remained and in not swinging the drill clear of the base when not operating it are questions for the jury.

*Hamilton & Smith*, for plaintiff in error.
*Hoyt, Dustin & Kelley*, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This is a personal injury damage case between master and servant. The parties stand as they stood below, a verdict for the defendant below having been directed upon motion, at the close of the plaintiff's evidence.

The plaintiff although but thirteen years old was an experienced drill-press hand, employed in defendant's shop. The spindle of the drill press which he operated fell down upon his hand while he was engaged in measuring the depth of a hole which he had just drilled. The spindle was normally held in its proper verticle position by a guide or cylinder through which it passed near its lower extremity, and it was kept from falling down by a collar or nut at the upper end of the cylinder clamped tightly around the spindle by means of a screw. On the morning of the accident, this screw had worked loose and the plaintiff had, by direction of his foreman, tightened it. Finally at noon the spindle came down and plaintiff left his work with the request to his foreman that the latter repair the difficulty. This the foreman promised to do, and when plaintiff returned in the evening to his work the foreman advised him that he had done so. After working a short time upon the drill press as thus repaired, the spindle again fell down, inflicting the injury of which he complains. The defendant urges that the judgment below is correct for three reasons:

*First.* The drill press was so arranged that the bed might have been swung around to one side while the operator measured the depth of the hole which he had been drilling. This would have prevented any chance of injury from the turning or falling of the spindle, and plaintiff failed to take this precaution.

*Secondly.* It is urged that plaintiff, experienced as he was and having the collar and screw complained of immediately before his face, should have seen the working loose of the screw before it had loosened sufficiently to allow the spindle to fall. He had made such observation in the morning, and it is claimed he ought to have seen the same thing in the evening.

*Thirdly.* It is claimed that the evidence nowhere discloses that the cause of the spindle's fall at the time of the accident was the defect which plaintiff had noticed in the morning, and which the defendant's foreman had promised and attempted to repair.

We think none of these points are well taken. The question of plaintiff's contributory negligence in failing to observe the

loosening of the screw and in failing to turn the bed of the drill to one side was for the jury. It can not be said as a matter of fact or as a matter of law that plaintiff was guilty of negligence in either of these particulars, so far as the evidence contained in the bill of exceptions before us discloses.

On the third point at page 6 of the bill of exceptions the plaintiff testified that there was nothing else aside from the nut in question that supported the spindle in the cylinder, and on page 10 he testified, that just after the accident the nut was completely off the spindle. It thus appears, if these statements are true, that the cause of the spindle's falling at the time he was injured, was the defective condition of the nut or the screw, which was a part of it. It was a defect in this precise place that he had observed and complained of in the morning; it was this defective condition which the foreman had promised to repair and assured plaintiff that he had repaired. The plain inference as it seems to us is that the repairs made were not complete or effectual, but that the same trouble which had twice appeared in the morning recurred again in the evening when plaintiff was injured. This, we hold, made a case for the jury, and it was error under the circumstance to direct a verdict for the defendant. The judgment below is reversed and the cause remanded.